IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| FRANCIS BAUER HARRIS, | ) | |
| Plaintiff, | ) | 2:19-CV-00479-CRE |
| vs. | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN WETZEL, COMMISSIONER; DORINA VARNER, GRIEVANCE COORDINATOR; SUPERINTENDENT ROBERT GILMORE, DR. JIN BYUNGHAK, TRACY SHAWLEY, CORRECTIONAL CARE SERVICES L.L.C., | ) | |
| Defendants, | ) | |

## MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

### I. INTRODUCTION

Presently before the court is the following:

(1) A motion to dismiss by Defendants Pennsylvania Department of Corrections ("DOC"), Wetzel, Varner, Gilmore and Shawley ("Corrections Defendants") (ECF No. 7).

Plaintiff was given the opportunity to respond to Corrections Defendants' motion but failed to do so. Therefore, the court will decide the pending motion to dismiss without the benefit of Plaintiff's response. The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, Corrections Defendants' motion is granted in part and denied in part.

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

## II. BACKGROUND

Plaintiff, Francis Harris, an individual presently incarcerated by DOC at the State Correctional Institution at Greene ("SCI Greene"), filed a petition for review in the Commonwealth Court in Pennsylvania on November 2, 2015. On December 3, 2015, the Commonwealth Court transferred the Petition for Review to Green County Court of Common Pleas because the pleading sought monetary damages for an alleged violation of constitutional rights.

On January 26, 2016, the Greene County Court of Common Pleas dismissed Plaintiff's petition for review in its entirety for failure to state a claim regarding all the allegations made therein. Plaintiff appealed the dismissal to the Commonwealth Court, which accepted briefs from the parties in the spring of 2017. On May 17, 2017, the Commonwealth Court affirmed the dismissal of nearly all of Plaintiff's claims. Specifically, the Commonwealth Court affirmed the dismissal of all claims except Plaintiff's claim of a violation of the Americans with Disabilities Act ("ADA"), which was reversed and remanded to the Greene County Court of Common Pleas for further litigation. Plaintiff alleges that his substandard medical treatment resulted in his inability to participate in afternoon yard, which establishes a violation of the ADA.

On February 12, 2017, Plaintiff filed an omnibus motion in the Greene County Court of Common Pleas requesting various forms of relief, including leave to amend his complaint with regard to the sole remaining ADA claim. On or about April 12, 2018, the Defendants responded to Plaintiff's motion and indicated that they did not oppose Plaintiff's request to amend his Complaint only as to the remaining ADA claim. Defendants opposed all other requested relief.

On or about March 20, 2019, Plaintiff filed his amended complaint in the Greene County Court of Common Pleas, which included new defendants who are various medical contractors as

well as new defendants who are various DOC employees. Plaintiff's Amended Complaint, the operative pleading here, contains two claims: (1) a violation of ADA; and (2) a 42 U.S.C. § 1983 retaliation claim. On April 26, 2019, the newly added Medical Defendants removed the case to this court.[2]

In the instant matter, Plaintiff generally alleges that the Corrections Defendants have violated his constitutional rights and the ADA in connection with the treatment of his plantar fasciitis. Plaintiff was diagnosed with plantar fasciitis while incarcerated at SCI Greene and was prescribed orthopedic shoe inserts. When his shoe inserts arrived, he could not fit his feet into his normal state issue boots when he used the inserts. Plaintiff claims that other inmates diagnosed with the same problem received a "medical shoe" that was large enough to accommodate both the insert and the inmate's feet, or were given permission to order a Timberland brand boot, but he was not given a medical shoe or given permission to order a specialty brand boot. Plaintiff claims that the specialty brand boot was sold by the prison commissary to all inmates in general population. Plaintiff claims that he first requested to Defendant Dr. Jin that he be prescribed a medical shoe to accommodate the insert. Plaintiff claims that Dr. Jin denied Plaintiff's request and told Plaintiff, "you have big feet, that's not a medical problem" and informed Plaintiff he could buy a pair of the specialty brand boots at the commissary, but the prison would not issue him a pair of medical shoes. *See* Compl. (ECF No. 1-1) at ¶ 19. While it is not clear from the complaint, Plaintiff ostensibly ordered the specialty brand boots through medical and not from the

---

[2] Plaintiff references several individuals in the complaint stating that he "may or may not" add these individuals as defendants at a later date. Am.Compl. (ECF No. 1-5) at ¶ 33. As such, these individuals are not considered defendants in this case and no decision will be render as to any purported claims against them – the only Defendants in this case are those explicitly set forth by Plaintiff and provided process of service: DOC, John Wetzel, Dorina Varner, Robert Gilmore, Tracy Shawley, Dr. Jin and Correctional Care Services.

commissary and ended up having to pay for them out of pocket. Plaintiff claims that special ordering the boots cost $13.00 more than what it would have been if Plaintiff had just purchased them from the commissary, so Plaintiff asked for a refund. It is unclear from the complaint who Plaintiff asked for a refund. Plaintiff claims that after he asked for a refund, unnamed individuals confiscated his specialty brand boots without explanation. He claims that now he cannot use his prescribed insoles because he does not have shoes in which they fit. Additionally, Plaintiff alleges that he is signed up for morning yard and he cannot participate in yard in the morning because he has "first step" pain from his plantar fasciitis and unnamed individuals have refused his requests to have a medical permission slip to be put on second yard which occurs later in the day and would accommodate his plantar fasciitis.

As previously mentioned, Plaintiff's Amended Complaint alleges two claims. First, he claims that the Corrections Defendants are violating the ADA by not signing him up for afternoon yard due to his plantar fasciitis diagnosis. Second, he claims that he was retaliated against for having his boots confiscated after asking for a refund for paying more for his specialty boots.[3]

The Corrections Defendants presently move to dismiss Plaintiff's complaint.

### III. STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

---

[3] Plaintiff incorporates allegations set forth in his original complaint into his amended complaint. Therefore, because of the leniency afforded to individuals proceeding *pro se*, the court will consider the allegations set forth in the original complaint as set forth in the operative pleading.

The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id*. (quoting *Twombly*, 550 U.S. at 557).

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that the cause of action can be established. In assessing the sufficiency of a complaint, a court must: (1) identify the elements of the causes of action; (2) disregard conclusory statements, leaving only factual allegations; and (3) assuming the truth of those factual allegations, determine whether they plausibly give rise to an entitlement to relief. *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (internal quotation marks and citations omitted) (quoting *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public

record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir.2007).

A *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

**IV. DISCUSSION**

Corrections Defendants move to dismiss Plaintiff's complaint for three reasons: (1) Plaintiff has alleged no personal involvement on behalf of Defendants Wetzel, Varner, Gilmore and Shawley; (2) Plaintiff's ADA claim fails because he is not a qualified individual with a disability denied a service or program under the ADA; and (3) Plaintiff failed to state a claim for retaliation. Each argument will be addressed in turn.

    *i. Personal involvement*

First, Corrections Defendants argue that Defendants Wetzel, Varner, Gilmore and Shawley should be dismissed with prejudice because Plaintiff has not sufficiently alleged personal involvement for his section 1983 retaliation claim.

To state a viable § 1983 claim, the plaintiff must sufficiently plead that (1) the conduct complained of was committed by a person acting under the color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Twp of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To that end, a defendant in a civil rights action must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "In order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005). In other words, each defendant "must have personal involvement in the alleged wrongdoing." *Rode*, 845 F.2d at 1207. "Personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence." *Id*.

Here, neither of Plaintiff's pleadings contain allegations that show the personal involvement of Defendants Wetzel, Varner, Gilmore or Shawley in confiscating Plaintiff's specialty boots. Plaintiff seemingly seeks to hold these individuals liable due to their supervisory status. However, "liability cannot be predicated solely on the operation of respondeat superior." *Rode*, 845 F.2d at 1207. Moreover, a denial of a grievance or appeal is not sufficient to demonstrate personal involvement for section 1983 purposes. *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011). Therefore, Plaintiff has failed to allege sufficient facts to plausibly support a section 1983 retaliation claim against the individual Defendants Wetzel, Varner, Gilmore and Shawley is dismissed with prejudice, as amendment would be futile.

7

Likewise, while Defendant DOC does not move to dismiss this claim as it applies to it, the court will dismiss this claim with prejudice as applied to DOC, as the DOC is not a "person" as that term is defined under 42 U.S.C. § 1983. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

### ii. ADA

#### 1. Public entities

Next, the individual Defendants argue that under the ADA, individuals have no liability because they are not "public entities."

The ADA prohibits discrimination by public entities on the basis of disability. 42 U.S.C. § 12132. This includes "all services, programs, and activities provided or made available by public entities." *Id.* The ADA and its regulations apply to state and locally-operated correctional facilities, such as the Pennsylvania Department of Corrections. *Yeskey v. Com. of Pa. Dep't of Corr.*, 118 F.3d 168, 172 (3d Cir. 1997), *aff'd sub nom. Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998).

Individuals like Defendants Wetzel, Varner, Gilmore and Shawley who operate a "public entity" under the ADA are not subject to individual liability for alleged ADA violations. *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002). Accordingly, Plaintiff's ADA claim against the individual Defendants is dismissed with prejudice, as amendment would be futile.

#### 2. Merits

Next, Defendant DOC argues that Plaintiff has not alleged sufficient allegations to support an ADA claim.

To establish "a claim under Title II of the ADA, a person 'must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to

discrimination by any such entity; (4) by reason of his disability.' " *Haberle v. Troxell*, 885 F.3d 170, 178–79 (3d Cir. 2018) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007)).

First, DOC argues that plantar fasciitis is not a disability under the ADA. DOC cites two out of circuit cases to support their contention. *See Noriega-Quijano v. Potter*, No. 5:07-CV-204-FL, 2009 WL 6690943, at *5 (E.D.N.C. Mar. 31, 2009) (granting summary judgment on a completed record); *Etheridge v. FedChoice Fed. Credit Union*, 789 F. Supp. 2d 27, 35 (D.D.C. 2011) (same). However, this authority is not persuasive, as at least one case has found to the contrary. *See Kirbyson v. Tesoro Ref. & Mktg. Co.*, 795 F. Supp. 2d 930, 942 (N.D. Cal. 2011) (precluding summary judgment as material issues of fact existed in case where plaintiff alleged plantar fasciitis as a disability recognized under the ADA).

Accordingly, with a lack of binding authority, coupled with the fact that the DOC relies exclusively on cases that were decided at the summary judgment stage, the court cannot find at this stage as a matter of law that plantar fasciitis is not a recognized disability under the ADA and DOC's argument is rejected.

Next, DOC argues that Plaintiff has failed to establish that he was denied the benefits of programs, services or activities because he receives afternoon yard every other day. Specifically, DOC argues that "Plaintiff has readily admitted that his is offered and accepts afternoon yard every other day; Plaintiff's only complaint, then, is that he does not receive afternoon yard every day. On the days that Plaintiff does not receive afternoon yard he is offered morning yard, and can participate in dayroom activities during the afternoon, which means that Plaintiff's allegations that he is denied afternoon recreation yard is merely an allegation that the afternoon yard is not offered as frequently as Plaintiff would prefer. Plaintiff cannot credibly establish that he is being denied

a program or activity under the meaning of the ADA when he is being offered that program or activity on an every-other-day basis." Defs.' Br. (ECF No. 8) at 10-11. Tellingly, DOC does not cite to any allegations set forth in the complaint in which Plaintiff alleges he gets afternoon yard every other day, and to so find would force the court to inappropriately view the facts in DOC's favor and not in Plaintiff's favor. Accordingly, DOC's argument is rejected, and it may raise the issue at the proper procedural juncture.

## V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion is granted with respect to all of the claims against the individual Defendants and denied with respect to Plaintiff's ADA claim against Defendant DOC. An appropriate Order follows.

Dated: March 25, 2020.

By the Court:

s/ Cynthia Reed Eddy
Chief United States Magistrate Judge