IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| FRANCIS BAUER HARRIS, | ) | |
| Plaintiff, | ) | 2:19-CV-00479-CRE |
| vs. | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN WETZEL, COMMISSIONER; DORINA VARNER, GRIEVANCE COORDINATOR; SUPERINTENDENT ROBERT GILMORE, DR. JIN BYUNGHAK, TRACY SHAWLEY, CORRECTIONAL CARE SERVICES L.L.C., | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I. INTRODUCTION

Presently before the court is the following:

(1) A motion to dismiss, or in the alternative, for summary judgment, by Dr. Byunghak Jin and Correct Care Solutions, LLC ("Medical Defendants") (ECF No 21).

Plaintiff was given the opportunity to respond to the Medical Defendants' motion but failed to do so. Therefore, the court will decide the pending motion to dismiss without the benefit of Plaintiff's response. The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, Medical Defendants' motion to dismiss is granted.

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

## II. BACKGROUND

Plaintiff, Francis Harris, an individual presently incarcerated by DOC at the State Correctional Institution at Greene ("SCI Greene"), filed a petition for review in the Commonwealth Court in Pennsylvania on November 2, 2015. On December 3, 2015, the Commonwealth Court transferred the Petition for Review to Green County Court of Common Pleas because the pleading sought monetary damages for an alleged violation of constitutional rights.

On January 26, 2016, the Greene County Court of Common Pleas dismissed Plaintiff's petition for review in its entirety for failure to state a claim regarding all the allegations made therein. Plaintiff appealed the dismissal to the Commonwealth Court, which accepted briefs from the parties in the spring of 2017. On May 17, 2017, the Commonwealth Court affirmed the dismissal of nearly all of Plaintiff's claims. Specifically, the Commonwealth Court affirmed the dismissal of all claims except Plaintiff's claim of a violation of the Americans with Disabilities Act ("ADA"), which was reversed and remanded to the Greene County Court of Common Pleas for further litigation. Plaintiff alleges that his substandard medical treatment resulted in his inability to participate in afternoon yard, which establishes a violation of the ADA.

On February 12, 2017, Plaintiff filed an omnibus motion in the Greene County Court of Common Pleas requesting various forms of relief, including leave to amend his complaint with regard to the sole remaining ADA claim. On or about April 12, 2018, the Defendants responded to Plaintiff's motion and indicated that they did not oppose Plaintiff's request to amend him Complaint only as to the remaining ADA claim. Defendants opposed all other requested relief.

On or about March 20, 2019, Plaintiff filed his amended complaint in the Greene County

Court of Common Pleas, which included new defendants who are various medical contractors as well as new defendants who are various DOC employees. Plaintiff's Amended Complaint, the operative pleading here, contains two claims: (1) a violation of ADA; and (2) a 42 U.S.C. § 1983 retaliation claim. On April 26, 2019, the newly added Medical Defendants removed the case to this court.[2]

In the instant matter, Plaintiff generally alleges that the Medical Defendants have violated his constitutional rights and the ADA in connection with the treatment of his plantar fasciitis. Plaintiff was diagnosed with plantar fasciitis while incarcerated at SCI Greene and was prescribed orthopedic shoe inserts. When his shoe inserts arrived, he could not fit his feet into his normal state issue boots when he used the inserts. Plaintiff claims that other inmates diagnosed with the same problem received a "medical shoe" that was large enough to accommodate both the insert and the inmate's feet, or were given permission to order a Timberland brand boot, but he was not given a medical shoe or given permission to order a specialty brand boot. Plaintiff claims that the specialty brand boot was sold by the prison commissary to all inmates in general population. Plaintiff claims that he first requested to Defendant Dr. Jin that he be prescribed a medical shoe to accommodate the insert. Plaintiff claims that Dr. Jin denied Plaintiff's request and told Plaintiff, "you have big feet, that's not a medical problem" and informed Plaintiff he could buy a pair of the specialty brand boots at the commissary, but the prison would not issue him a pair of medical shoes. *See* Compl. (ECF No. 1-1) at ¶ 19. While it is not clear from the complaint, Plaintiff

---

[2] Plaintiff references several individuals in the complaint stating that he "may or may not" add these individuals as defendants at a later date. Am.Compl. (ECF No. 1-5) at ¶ 33. These individuals are not considered defendants in this case and no decision will be rendered as to any purported claims against them – the only Defendants in this case are those explicitly set forth by Plaintiff and provided process of service: DOC, John Wetzel, Dorina Varner, Robert Gilmore, Tracy Shawley, Dr. Jin and Correct Care Solutions, LLC.

3

ostensibly ordered the specialty brand boots through medical and not from the commissary and ended up having to pay for them out of pocket. Plaintiff claims that special ordering the boots cost $13.00 more than what it would have been if Plaintiff had just purchased them from the commissary, so Plaintiff asked for a refund. It is unclear from the complaint who Plaintiff asked for a refund. Plaintiff claims that after he asked for a refund, unnamed individuals confiscated his specialty brand boots without explanation. He claims that now he cannot use his prescribed insoles because he does not have shoes in which they fit. Additionally, Plaintiff alleges that he is signed up for morning yard and he cannot participate in yard in the morning because he has "first step" pain from his plantar fasciitis and unnamed individuals have refused his requests to have a medical permission slip to be put on second yard which occurs later in the day and would accommodate his plantar fasciitis.

As previously mentioned, Plaintiff's Amended Complaint alleges two claims. First, he claims that the Medical Defendants are violating the ADA by not signing him up for afternoon yard due to his plantar fasciitis diagnosis. Second, he claims that he was retaliated against for having his boots confiscated after asking for a refund for paying more for his specialty boots.[3]

The Medical Defendants presently move to dismiss Plaintiff's complaint.

### III. STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

[3] Plaintiff incorporates allegations set forth in his original complaint into his amended complaint. Therefore, because of the leniency afforded to individuals proceeding *pro se*, the court will consider the allegations set forth in the original complaint as set forth in the operative pleading.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id*. (quoting *Twombly*, 550 U.S. at 557).

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that the cause of action can be established. In assessing the sufficiency of a complaint, a court must: (1) identify the elements of the causes of action; (2) disregard conclusory statements, leaving only factual allegations; and (3) assuming the truth of those factual allegations, determine whether they plausibly give rise to an entitlement to relief. *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (internal quotation marks and citations omitted) (quoting *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should

consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir.2007).

A *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

## IV. DISCUSSION

### i. Plaintiff's ADA claim

First, the Medical Defendants argue that Plaintiff's ADA claim against them must be dismissed because there is no Title II ADA cause of action against an individual or private corporation.

The ADA prohibits discrimination by public entities on the basis of disability. 42 U.S.C. §

12132. This includes "all services, programs, and activities provided or made available by public entities." *Id.* The ADA and its regulations apply to state and locally-operated correctional facilities, such as the Pennsylvania Department of Corrections. *Yeskey v. Com. of Pa. Dep't of Corr.*, 118 F.3d 168, 172 (3d Cir. 1997), *aff'd sub nom. Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998). However, a private corporation who contracts to provide service to a public entity does not itself become a public entity for ADA purposes. *See Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 169 (3d Cir. 2015). Likewise, the private corporation's employees who serve the public entity are not public entities for ADA purposes. *Id.* As such, Correct Care Solutions, LLC and Dr. Jin are not public entities for purposes of the ADA and this claim must be dismissed with prejudice, as amendment would be futile.

## ii. Plaintiff's Section 1983 retaliation claim

Next, Medical Defendants argue that to the extent Plaintiff seeks to assert a Section 1983 retaliation claim against them, Plaintiff has not asserted any facts that would lead to a cognizable claim against them.

To state a viable § 1983 claim, the plaintiff must sufficiently plead that (1) the conduct complained of was committed by a person acting under the color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Twp of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To that end, a defendant in a civil rights action must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "In order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005). In other words, each defendant "must have personal involvement in the alleged wrongdoing." *Rode*, 845

7

F.2d at 1207. "Personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence." *Id*.

Correct Care Solutions, LLC is not a "person" as that term is defined under 42 U.S.C. § 1983, and therefore any section 1983 claim that Plaintiff purports to assert against it is dismissed with prejudice, as amendment would be futile. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Additionally, neither of Plaintiff's pleadings contain allegations that show the personal involvement of Dr. Jin in confiscating Plaintiff's specialty boots, which is the only set of facts in Plaintiff's complaint that supports a section 1983 retaliation claim. Accordingly, Plaintiff's claim for section 1983 retaliation against Medical Defendants is dismissed with prejudice, as amendment would be futile.

## V. CONCLUSION

Based on the foregoing, Medical Defendants' motion to dismiss (ECF No. 21) is GRANTED and Plaintiff's claims are dismissed with prejudice. An appropriate Order follows.

Dated: March 30, 2020.

By the Court:

s/ Cynthia Reed Eddy
Chief United States Magistrate Judge