IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |  |
|---|---|---|
| FRANCIS BAUER HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-00479-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM ORDER**

Presently for consideration is Plaintiff's motion to enforce settlement agreement and motion to change venue (ECF No. 83). Plaintiff argues that the parties reached a settlement agreement and that Defendants have not complied with two terms of the settlement agreement: (1) that Defendants at the Commonwealth of Pennsylvania's expense "will annually or when current footwear is unserviceable, (as per policy) order and deliver to plaintiff one paid of size 14 (4E) shoes as part of his state clothing issue, as they provide for every prisoner in the state"; and (2) "at plaintiff[']s own expense he will be permitted to purchase any footwear sold on commissary not avail[able] in his size from the approved outside vendor, in compliance with policy." (ECF No. 83) at ¶¶ 3-4. Plaintiff also references a grievance he filed requesting that special order medical shoes be ordered for him and that all his requests to special order his shoes have been ignored. (ECF No. 79-1). Plaintiff seeks this court to enter an order that "add[s] stronger terms to the settlement agreement[.]" *Id*. at 2. Additionally, Plaintiff seeks to have this case transferred to the Eastern District of Pennsylvania because he was transferred to a facility located in that district. *Id*. at 9.

Defendants responded to Plaintiff's motion and attached the full settlement agreement

1

executed by the parties. (ECF No. 85-1). The pertinent settlement terms included a monetary payment to Plaintiff, that "Plaintiff acknowledge[d] that satisfactory footwear ha[d] been ordered for him, to be delivered by October 13, 2020" and that "Plaintiff will submit, through the Defendants' counsel, an accommodation request form indicating his desire for such footwear from this time forward, and that the accommodation request form will be migrated to his institutional medical file." (ECF No. 85-1 at ¶ 6). Defendants clarify that the provisions Plaintiff seeks to write into the settlement agreement appear on the accommodation request form completed by Plaintiff and included in his medical file. Further, Defendants emphasize that it is the Pennsylvania Department of Corrections' ("DOC") policy to provide state-issued footwear, allow commissary purchases of other shoes at inmates' expense and allow purchases of approved footwear from outside vendors. Defendants explain that Plaintiff was permitted to purchase boots that were not part of the settlement agreement which were delivered to him in February 2021, his request to receive a replacement pair of sneakers was approved and currently being processed, he was informed that he would receive a pair of replacement sneakers annually at no cost to him, and after Plaintiff requested to purchase a pair of trail shoes when his current paid wears out was informed that request would be granted when his current pair wears out under DOC policy.

Applicable here, under Pennsylvania law, "the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." *Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 298–99 (3d Cir. 1986) (citations omitted). While Plaintiff's motion is styled as one to enforce settlement, he seeks to include extraneous terms not included in the fully executed settlement agreement. "A district court is not a party to the settlement, nor may it modify the terms of a voluntary settlement agreement between parties." *Ehrheart v. Verizon*

*Wireless*, 609 F.3d 590, 593 (3d Cir. 2010). The parties agreed to a monetary payment, a one-time delivery of certain footwear to Plaintiff and the submission of an accommodation form completed by Plaintiff into his medical file. The parties did not agree to the new terms Plaintiff sets forth in his motion and this court will not modify the fully executed settlement agreement to include them. Because it is undisputed that Defendants have fully complied with all terms of the settlement agreement, IT IS HEREBY ORDERED that Plaintiff's motion is DENIED and this case shall remain DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that should Plaintiff file any motions seeking to enforce this settlement agreement or alter its terms, said filings will be summarily denied and stricken from the record.

IT IS FURTHER ORDERED that Plaintiff's motion to transfer venue is DENIED.

So ordered this 13th day of October, 2021.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge